■ EDWARD EDWARDS, Respondent-Appellant, v STATE OF NEW YORK, Appellant-Respondent.—In a claim for money damages based on the loss of property, the State appeals from a judgment of the Court of Claims (Murray, J.), dated October 27, 1986, which was in favor of the claimant and against the State in the principal sum of $700, and the claimant cross-appeals, as limited by his brief, from the same judgment on the ground of inadequacy.

Ordered that the judgment is reversed, on the facts, without costs or disbursements, and the claim is dismissed.

The claimant sought a money judgment against the State in the sum of $1,300, which he alleged represented the value of certain property which was taken from him while he was an inmate at the Downstate Correctional Facility in Fishkill, New York. This personal property was taken from the claimant in order to be mailed to his home. The claimant contends that his property was never received through the mail. The Court of Claims held that the State had failed in its obligation to account for the whereabouts of the claimant's property and granted claimant a judgment in the sum of $700, which was the amount for which the property was insured. We reverse.

The State, or its agents, had no duty to account for claimant's property unless the claimant established that his property was never mailed. The Court of Claims apparently found that a package containing some of claimant's property was mailed, although the court made no specific finding as to whether such package contained all the property claimed to have been lost. We agree that the weight of the evidence establishes that a package was mailed from the facility to the address designated by the claimant. The Court of Claims made

no specific finding as to whether the package was received. On our review of the record, we find that the weight of the evidence establishes that the package was, in fact, received.

Based on our independent findings of fact, we may, in a nonjury case, render judgment in accordance with the weight of the evidence (see, Cohen v Hallmark Cards, 45 NY2d 493, 498; York Mtge. Corp. v Clotar Constr. Corp., 254 NY 128, 133-134). Given the complete absence of proof that the package, which was, according to the post-office record, mailed to and received at the claimant's home, did not contain what it was supposed to contain, we conclude that the claimant failed to meet his burden of proof on the issue of liability.

Accordingly, the State is entitled to judgment against the plaintiff. Lawrence, J. P., Eiber, Spatt and Sullivan, JJ., concur.